UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CEDRIC K. MERRITT,

        Petitioner,
  v.

P. CHAPPIUS, JR.,
                                            9:13-CV-1585
                                                  (GLS)

        Respondent.
_____

APPEARANCES:                            OF COUNSEL:

CEDRIC K. MERRITT
11-A-0579
Petitioner, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Petitioner Cedric K. Merritt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, several exhibits, and an application to proceed in forma pauperis. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application. He is confined at the Elmira Correctional Facility and has not paid the required filing fee. For the reasons that follow, petitioner's IFP Application is granted for the limited purpose of filing the petition, and this action is dismissed without prejudice.

### II.    THE PETITION

      In his petition, petitioner challenges a 2011 judgment of conviction in Albany County

Supreme Court of second degree burglary and petit larceny. Pet. at 1.[1]  He states that the Appellate Division affirmed his conviction on June 14, 2012, and that the New York Court of Appeals denied leave to appeal on September 24, 2012. *Id.* at 2-3; *People v. Merritt*, 96 A.D.3d 1169 (3d Dep't. 2012), *lv. denied* 19 N.Y.3d 1027 (2012).  Petitioner has also filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10, dated October 31, 2013.  Pet. at 3-4; ECF pp. 16-30, CPL §440.10 Motion; ECF pp. 31-45, Affidavit in Support of CPL §440.10 Motion; ECF pp. 46-83, Memorandum of Law in Support of CPL §440.10 Motion.  Petitioner states that his CPL §440.10 motion was received by the Albany County Supreme Court for filing on November 12, 2013, and that it remains pending. *Id.* at 3-4; 13.

    Petitioner raises the following grounds for habeas relief: (1) his statement to police was coerced; (2) his conviction was the result of evidence obtained pursuant to an unconstitutional search and seizure; (3) his conviction was the result of evidence obtained pursuant to an unlawful arrest; (4) his conviction was obtained in violation of his right against self-incrimination; (5) the prosecutor failed to disclose favorable evidence; (6) the grand jury was unlawfully selected and empaneled; and (7) counsel was ineffective.  Pet. at 4-13. Petitioner states that his favorable evidence, grand jury and ineffective assistance of counsel claims were not presented to any state court because they have to be "argued back in the lower courts before they can be presented to the higher courts for review."  Pet. at 13.  These claims appear to be the subject of petitioner's pending CPL §440.10 motion.  *See* ECF pp. 16-83.  For a complete statement of petitioner's claims, reference is made to the petition.

---

[1] The cited page numbers are those electronically generated by ECF.

**III.    DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000).  Finally, the petitioner must have used the proper procedural vehicle so that the state court may pass on the merits of petitioner's claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

In this case, petitioner states that three of his claims are not properly exhausted, and that these claims have been raised in a CPL §440.10 motion pending in the Albany County Supreme Court.  Pet. at 3-4, 11-13.  Based upon the information in the petition, the exhaustion requirement has not been met.

Under certain circumstances, a district court may exercise discretion to review and deny unexhausted claims pursuant to 28 U.S.C. §2254(b)(2), but the court declines to do so in this case.[2] Petitioner has state court remedies available to him, and is already in the process of exhausting his claims. It is not futile to require him to complete that process prior to pursuing a federal habeas petition, and there has been no showing that the available state court remedies are ineffective or inadequate to protect petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). This petition is, therefore, premature.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, like petitioner's petition, the court may dismiss it without prejudice or retain jurisdiction and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). The Supreme Court has instructed, however, that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stays should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 277.

A stay in this case is inappropriate. Petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state

---

[2] Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in certain circumstances, federal courts have discretion to review and deny on the merits any unexhausted claims that are "plainly meritless" (*Rhines v. Weber*, 544 U.S. 269, 277 (2005)) or "patently frivolous." *McFadden v. Senkowski*, 421 F. Supp. 2d 619, 621 (W.D.N.Y. 2006); *Wheeler v. Phillips*, No. 1:05-CV-4399, 2006 WL 2357973 at *5  (E.D.N.Y. Aug. 15, 2006); 28 U.S.C. § 2254(b)(2). Stated another way, unexhausted claims may be reviewed on the merits only if the habeas court is going to deny the entire petition. 28 U.S.C. § 2254(b)(2).

courts prior to filing this petition. *Rhines*, 544 U.S. at 277. Petitioner's pro se status is insufficient to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006). This court also agrees that federal courts should not

> be turned into a "jurisdictional parking lot" for unexhausted claims. *Baity v. McCary*, No. 02 Civ. 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted). Such a holding would undermine the spirit of the Supreme Court's holdings in both *Coleman* and *Duncan*, which encourage habeas petitioners to exhaust their claims before coming to federal court. *Id.* at *1.

*Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004).

Additionally, the timeliness of any subsequent habeas petition under the AEDPA appears not to be a concern in this case. Under the AEDPA, federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Based upon the information petitioner has provided, the New York Court of Appeals denied leave to appeal from the Appellate Division's decision affirming his conviction on September 24, 2012. Pet. at 3. His conviction became final for AEDPA purposes ninety days later, on December 24, 2012. The limitations period ran from December 24, 2012 until October 31, 2013, when petitioner signed his CPL §440.10 motion, for a total of 311 days. The statute of limitations will remain tolled while petitioner pursues his CPL §440.10 motion, and any subsequent appeal. Once petitioner's CPL §440.10 motion has been properly exhausted, he will have 54 days left to file a timely federal habeas

petition, absent any statutory or equitable tolling that may apply in this case to further extend his deadline. 28 U.S.C. §2244(d); *see Foster v. Spitzer*, No. 9:07-CV-0103 (LEK/DRH), 2007 WL 1531904 at *2 (N.D.N.Y. May 24, 2007) ("[b]ased upon the information set forth [in his petition], it appears that Petitioner will have ample opportunity to timely file a § 2254 habeas Petition setting forth his claims once he has exhausted his State court remedies.").

Finally, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

In sum, petitioner's IFP Application is granted for the limited purpose of filing this petition, and the petition is dismissed without prejudice to re-filing it once all of petitioner's claims have been properly exhausted in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted); *Nash v. Evans*, No. 9:10-CV-0361 (GLS), 2010 WL 1423196 at *1 (N.D.N.Y. Apr. 9, 2010) (declining to review and deny the unexhausted claims presented in the petitioner's petition, and dismissing habeas petition without prejudice where the claims were "presently awaiting appellate review[.]"); *Foster,* 2007 WL 1531904 at 1-2 (habeas petition dismissed where petitioner was in the "preliminary stages of the appellate

process" and had not yet completed state appellate review of his claims).[3]

IV.   **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP Application, Dkt. No. 2, is **GRANTED** for the limited purpose of filing this petition; and it is further

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED**, that no certificate of appealability shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: January 10, 2014
       Albany, New York

*[Signature: Gary L. Sharpe, Chief Judge, U.S. District Court]*

---

[3] Petitioner is advised that any renewed habeas petition must be accompanied by either the required filing fee ($5.00) or an application to proceed in forma pauperis that has been certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. To avoid any problems with the statute of limitations, petitioner should promptly file any renewed section 2254 habeas petition upon exhaustion of his state court remedies. 28 U.S.C. § 2244(d)(2).